JOHN COLLEY, plaintiff in error, *vs.* JOHN P. DUNCAN, guardian, defendant in error.

1. Where, upon a bill filed by the next friends of minor children to enjoin the sale of certain lands and personalty under a decree before rendered, in which they claimed an interest under a homestead set apart to them, and as heirs of their deceased mother, counsel representing said next friends upon the hearing of the application for an injunction, consented to said sale, the guardian of said minors not being a party to said bill, and said lands were sold to a purchaser, who the bill alleged bought with notice of the claims of said children, and who was proceeding to take possession of the land then held by the guardian of said minors as their homestead:

*Held*, Upon a bill filed by the guardian of said minors attacking the decree under which the sale was made, praying that said purchaser be enjoined from taking possession of said property, equity will restrain such action until the rights of said minors can be fully determined upon a final decree. (R.)

2. As the complainant only asserts the rights of his wards to a specified portion of the lands and personalty, and to a proportion of the rent in the hands of the tenant in possession of said homestead, the injunction should be modified accordingly. (R.)

3. Where a cause has been argued before two Judges who were divided in opinion and the judgment ordered affirmed, on motion of counsel for plaintiff in error, the case will be reargued, during the same term, before a full bench. (R. see report.)

Injunction. Equity. Decree. Guardian and ward. Homestead. Before Judge STROZIER. Calhoun Superior Court. December Term, 1872.

This case was first argued whilst MONTGOMERY, Judge, was still on the bench, but prevented by providential cause from attending the sessions of the Court. WARNER, Chief Justice, and McCAY, Judge, being divided in opinion, the judgment of the Court below was ordered affirmed. Subsequently, after the appointment of Judge TRIPPE, on motion of counsel for plaintiff in error, during the same term, the cause was reargued and the following decision rendered.

For the facts of this case, see the decision.

Colley *vs.* Duncan.

LYON & IRVIN; W. A. HAWKINS; J. JOHN BECK, for plaintiff in error.

B. H. HILL & SONS; HOYLE & SIMMONS; W. G. PARKS, for defendant.

TRIPPE, Judge.

James K. Daniel died in the year 1851 testate. By one clause of his will he gave certain property to his wife, and in another clause directed other property—a plantation and all the property thereon—to be kept together, and as each one of his children attained majority his or her share should be advanced, and so on until the youngest became of age, his wife having an equal share therein. His wife, who was appointed executrix, afterwards intermarried with John P. Duncan, and her letters testamentary abating, he took out letters as administrator *de bonis non*, etc. Mrs. Duncan afterwards dies testate, and by her will, after other legacies, gave of her interest in her first husband's estate 1,000 00 to each of her children of the first marriage, some of them being yet minors, and the balance of said interest to her children by the second marriage. In 1869, one of the Daniel children having become of age and his share received by him, and another, Lucy, being also of age and having received her portion of the land, said Lucy and James K. Daniel, the only minor child of that set of children, commenced suit in equity in Sumter Superior Court against Duncan, as administrator, etc., of said Daniel, deceased, charging waste, etc., asking for an account and settlement and for the appointment of a receiver to take charge of the estate.

In October, 1871, a decree was rendered appointing a receiver and directing the sale of the land and personal property of the estate of said Daniel, deceased, and that the proceeds should be brought into Court and divided between the minor Duncan children and James K. Daniel, after payment of certain costs, etc. The land then remaining and to be sold by said decree

was one thousand two hundred acres lying in Calhoun county, and which constituted the shares so far as the land was concerned that went to the minor, James K. Daniel and to Mrs. Duncan (formerly Daniel.) Previous to this decree John P. Duncan, as guardian of the two minor children of the Duncan set (Madge and Sallie) had applied to the Ordinary of Calhoun county and had a homestead, etc., set apart for said minors out of said land and personal property, to-wit: six hundred and eight acres thereof. The receiver appointed in the decree was proceeding to make sale as therein directed, when Madge and Sallie Duncan, by their next friends, C. W. Duncan and G. W. Kidd, filed a bill against John P. Duncan, James K. and Lucy Daniel and the receiver, to enjoin the sale, attacking said decree, asking its modification, etc., and asserting their rights to said homestead, etc. John P. Duncan was not served with this bill. A temporary restraining order was granted by the Chancellor. Subsequently, at Chambers, by consent of counsel, it was agreed and approved by the Judge, that the sale should proceed and said decree remain undisturbed. The receiver proceeded to sell the land and the personal property, and John Colley, the plaintiff in error, became the purchaser of the land and most of the personal property—some one thousand two hundred acres, at the price of $2,295 00. Colley paid the purchase money, which was, by order of the Court, after payment of costs and receiver's commissions, paid out to the attorneys of John P. Duncan, administrator, etc., of Daniel, Sallie and Madge Duncan and Lucy and James K. Daniel. It does not appear that Duncan, the guardian, or the next friends of the Duncan minors received the money. Colley was proceeding to take possession of the land, etc., from Charles W. Duncan, who had previously been placed in possession of the same as the homestead of the Duncan children by John P. Duncan, their guardian, and Charles Duncan had attorned to Colley as the owner of the land.

Madge and Sallie Duncan, by their guardian, John P. Duncan, filed their bill against Colley, charging that the decree under which said sale was had, was void, so far as it concerns

Colley *vs.* Duncan.

said minors, asserting their rights under the homestead assignment, and praying an injunction restraining Colley from taking possession, etc.

The Chancellor granted a temporary injunction, and on a hearing, made the same permanent. At said hearing all the pleadings in the suits above referred to, with many exhibits and affidavits, were heard by the Judge granting the injunction. Some of these affidavits state that the attorneys had no right to make the compromise or consent that was made on the bill filed by the next friends of the minor Duncan children; that it was against the authority and consent of the next friends—one of them swearing that he did not know it only a day or two before the sale; that at the sale both of the next friends, at the suggestion of Colley, gave notice of the claim of the minors, and at Colley's suggestion, also made out a claim bond with Colley as security, which the receiver refused to take, saying he could not receive a bond. One affidavit states that affiant heard Colley, on the day of the sale, say "it would not do for a man to buy a law suit;" that the land was worth five dollars per acre, and that affiant would have given more for it than was bid but for the claim set up by the minor children, under the homestead law. Charles W. Duncan states in his affidavit, that Colley, on the day of sale, "informed him that the attorneys had compromised the interests of the children." John P. Duncan swears he had no notice of the sale or the decree, or the proceedings on the bill by the next friends, etc. Defendant Colley excepts to the order granting the injunction, and that is the error complained of. In the argument many points were made, that there was no equity in the bill; that the Duncan children could not take the homestead which was allowed, and that the same was void; that the claim of the Daniel children under Mrs. Duncan's will, would absorb every thing, and these minors would get nothing; that the decree appointing a receiver and ordering a sale, and the subsepuent ratification thereof in the proceedings instituted by the Duncan children, the sale and distribution as stated, were conclusive and barred this application.

We do not think that either of these objections or any other that was urged or which occurs to us, should prevent these children from the investigation they ask, and that until it is had they may be protected by matters remaining as they are now, so far as concerns the possession of the property claimed by them, as a homestead, or which might come to them under their mother's will. Whether their claim as a homestead be valid or not, they have rights in their mother's share in this property. As regards the point that they would eventually get nothing, because all would be taken up by the claim of the Daniel children, that may be a question when that issue is made. It cannot be determined in an application for injunction. The have a right to a hearing on it when the issue is made.

With reference to the decree appointing a receiver and directing a sale and distribution of all the property which was unadministered of the estate of James K. Daniel, we would say, it is a serious question, whether or not the same is valid, so far as the interest of Mrs. Duncan is concerned, or so far as it affects the interests of the minor Duncan children. Her representative was not a party, nor was any one a party as the representative of these minors. All but one of the Daniel children had drawn his or her share of the land. The remaining portion, in any view of the case, constituted the shares of the other minor, James K. Daniel, and of Mrs. Duncan, and yet, in a bill filed by Lucy and James K. Daniel, against the administrator *de bonis non* of James K. Daniel, deceased, a decree was taken appointing a receiver, and directing the sale of all the land, and all the balance of the personal property, and that the proceeds, after payment of certain things specified, "be divided between the children of Mrs. Sarah Duncan, deceased, by the said John P. Duncan and James K. Daniel, or his assigns, according to the provisions of the will of said James K. Daniel."

We repeat that the validity of such a decree may be doubted, in so far as it affects the share of Mrs. Duncan in said estate or the interest of these minors in her share, and if it be not

valid, then the defect in the pleadings and the want of proper parties to the decree being apparent on the record, all purchasers under the decree are charged with notice of it.

As to the alleged ratification of this decree and the distribution of the money as stated, enough was developed at the hearing before the Chancellor to entitle these minors to be heard as to its fairnesss and validity, and as to restraining the defendant Colley, the statements in the affidavits hereinbefore referred to sufficiently connect him with the matter and raise questions touching his purchase as to justify the exercise of the restraining power of the Chancellor, for the protection of what may be the ultimate rights of these minors.

It may be necessary that amendments be made to the bill, enlarging the charges so as to include all the facts necessary to the assertion of all the legal or equitable rights of complainant, and also, to make additional parties, so that the claim the defendant Colley may have, if any, for reimbursement for the amount paid by him may be secured to him.    As such facts and parties all appear in the proceedings which have been had, we think the complainant can thus far and from the record amend his bill.

The complainant, as guardian, only asserting or setting up the right of his wards to a certain specified and described portion of the land and the personal property, and no reason appearing for the injunction to extend beyond that, and a proper proportion of the rent that may be in the hands of or due by Charles W. Duncan, the injunction should be modified so as to discharge from its operation the balance of the land and a due share of the rent therefor.

Judgment affirmed with modifications.

McCay, Judge, concurred with doubts, but furnished no written opinion.