ECKOLS & ABERCROMBIE *vs.* REEVES.

Under the constitution of 1868, an exemption of personalty could be supplemented by a homestead of realty. There was no error in enjoining the executions until complainant had time to obtain such homestead.

Homestead. Injunction. Before Judge BARTLETT. Jasper Superior Court. April Term, 1878.

Mrs. Reeves filed her bill to enjoin the sale of land under certain *fi. fas.* in favor of Eckols & Abercrombie. She alleged that her father had left her an undivided interest in the land, and on this the levy was made; that she desired to take a homestead in it, but on account of its present undivided state, and also of the uncertainty of the homestead laws under the constitution of 1877, she had not yet done so. She desired injunction in order to have time to obtain her homestead.

The main facts stated in the answer were that the debt was contracted prior to the constitution of 1877, and that complainant had already taken an exemption of personalty under the constitution of 1868, and could not supplement it. The chancellor granted the injunction and defendants excepted.

TOOMBS SPEARMAN; C. W. JORDAN, for plaintiffs in error.

E. S. BARTLETT, for defendant.

WARNER, Chief Justice.

This was a bill filed by complainants against the defendants with a prayer for an injunction upon the allegations contained therein, which was granted by the chancellor on the hearing therefor: whereupon the defendants excepted. In *Dickson vs. Haralson,* decided during the present term, we held that a homestead exemption of personalty might be

supplemented with a homestead of realty under the constitution of 1868. There was no abuse of discretion in granting the injunction prayed for in this case.

Let the judgment of the court below be affirmed.