GRACE *v.* KEZAR.

86  697
87  762
86  697
| 96  221

Where land was levied on and advertised for sale before an application by the defendant in execution for a homestead therein, and was sold pending the application and subject thereto, with notice given at the time and place and before the sale, the purchaser became the owner of the fee; and after the expiration of the homestead estate he was entitled to the possession, and the land could not be again sold under another execution against the same defendant.

February 23, 1891. By two Justices.

Homestead.   Levy and sale.   Estates.   Before Judge GOBER.   Houston superior court.   April term, 1890.

Claim was interposed by Kezar to land levied on under execution in favor of Grace against Smith. The judge, to whom the case was submitted on the facts stated in the opinion, held the property not subject, and the plaintiff excepted.

C. C. DUNCAN, for plaintiff.

R. N. HOLTZCLAW, for claimant.

SIMMONS, Justice.

Under the facts of this case, the court did not err in finding the property not subject. The land was levied on and advertised for sale by the sheriff before Smith made application for a homestead. It was sold by the sheriff, subject to this homestead, after the application was made, but before it was approved by the ordinary. The deed made by the sheriff to Kezar, the purchaser, recited that the land was "levied on and sold as the property of Patrick Smith, subject to the homestead of said Patrick Smith then pending, of which notice was given at the time and place and before the sale." The fee and the use of the land were still in Smith at the time of the sale. There was no law to prevent the sheriff from selling the land before the application for homestead was approved, and the sale was not, therefore, void, as contended by counsel for the plaintiff in error. When the application was approved, the fee would have remained in Smith had not the land been sold prior thereto, but the law would have taken from him the use of the land and vested it in his family. Kezar having purchased the fee before the application of Smith was approved, and having purchased subject to the encumbrance of the homestead, was deprived of the use of the land so long as the homestead existed. When the homestead expired by the death of the beneficiaries, however, Kezar was then entitled, not only to the fee, but to the possession of the land, and the court was therefore right in holding that it could not be again sold under an execution against Smith in favor of the plaintiff in error.        *Judgment affirmed.*