CRINE *v.* JOHNS *et al.*

1. Where, pending an application for homestead and before the same is set apart, land sought to be set apart thereunder is sold under an execution against the applicant, the purchaser at such sale with notice of the application for homestead acquires the fee, subject only to the homestead estate which may be thereafter set apart. *Grace* v. *Kezar*, 86 *Ga.* 697. A different result would follow if the land was actually set apart before the sale. *Jolly* v. *Lofton*, 61 *Ga.* 154.

2. A homestead estate is subject to the lien of a tax execution for taxes due on the property covered thereby, and a tax sale under such an execution, whether it be against the applicant or against him as the head of a family, divests the homestead estate, and the purchaser at such sale acquires not only the homestead estate, but all

  other interest, if any, which the applicant may have in the premises at the time of sale.

3. Where, pending an application for homestead, land sought to be set apart thereunder is sold under a common law execution against the applicant, and a deed is made to the purchaser; and where, after the homestead is set apart, a tax execution against the applicant is levied upon the land so set apart, which land is sold to a person other than the purchaser under the common law execution, if the purchaser under the common law execution goes into possession under his deed, the purchaser under the tax execution cannot recover upon the deed based upon the tax sale, without showing that at the time of bringing his action the homestead estate was still subsisting.

4. The verdict, under the evidence, is in accordance with the principles here declared.

May 13, 1895. Brought forward from the last term.

Equitable petition. Before Judge BOWER. Dougherty superior court. October term, 1893.

J. W. WALTERS and WOOTEN & WOOTEN, for plaintiff.
W. T. JONES, for defendants.

ATKINSON, Justice.

1. It was first decided by this court, two Justices presiding, in the case of *Grace* v. *Kezar*, 86 *Ga.* 697, that if, pending an application for the setting apart of a homestead, the land sought to be set apart thereunder is sold under an execution against the applicant, the purchaser at the sale, who bought with notice of the application for the homestead, would acquire the fee, but the same would be subject to any homestead right which might thereafter be established in favor of the head of the family. The principle decided by this case was subsequently approved by a majority of the bench in the case of *Jackson* v. *DuBose*, 87 *Ga.* 761, but in this latter case there was a dissent by Judge RICHARD H. CLARK, presiding in place of one of the Justices. Subsequently, in 91 *Ga.* 132, in the case of *Whelchel* v. *Duckett*, the doctrine was again affirmed by a full bench, and the court there announced the principle to be, that where a sheriff

levies on property, and the defendant in *fi. fa.* files his application for homestead or exemption, and the application is not granted by the ordinary before the day of sale, it is the duty of the sheriff to sell the property, subject to the homestead or exemption if granted. So we may take it now to be as well settled law, that up to the time the homestead is actually set apart, the property sought to be set apart is subject to be levied upon and sold as the property of the applicant, with the qualification only, that if the homestead should be thereafter established and set up, the purchaser at such sale acquires only the fee, with his right of possession postponed until the termination of the homestead estate. If it were necessary to fortify this proposition by additional reasoning, it would only be necessary to analyze the constitutional provision declaratory of the homestead right. By section 5210 of the code, article 9, section 1, of the constitution, it is provided that there shall be exempt from levy and sale of the property of each head of a family, realty or personalty, or both, to the aggregate value of sixteen hundred dollars. By the language of the constitution it will be observed that this homestead estate is not imposed upon any particular property of the applicant. Segregation is essential to the establishment of the homestead estate, and the only prohibition against the jurisdiction or authority of the courts to enforce a judgment, execution or decree, is against the property set apart for such purposes. Until the property then is in fact set apart, this prohibition cannot be said to be operative, and therefore up to the moment that the homestead estate is actually established, and the property identified upon which the homestead right attaches, there is no impediment to a sale of the interest of the applicant in the property. If the property designated by him in his application be subsequently set apart, the homestead right is set up and the home-

stead estate in such property established, the effect of which is to postpone until its termination the enjoyment by the purchaser of the possession of that property covered by the homestead. After the property is actually set apart, no portion of it can be sold, neither the homestead nor the fee, except the debt for which it is proposed to sell it fall within one of the classes to which by the constitution the homestead estate is made subject. The homestead estate being granted, attaches to the property itself and prevents its alienation by forced sale until after the termination of the homestead estate. *Jolly* v. *Lofton*, 61 *Ga.* 154; *Van Horn* v. *McNeill, adm'r*, 79 *Ga.* 121.

2. By the express language of the constitution, the homestead estate is itself made subject to the payment of taxes due upon the property covered thereby. Therefore a tax sale under such an execution, whether it be against the applicant, or against him as the head of a family, divests the homestead estate, and the purchaser at such a sale acquires not only the homestead estate, but all interest, if any, which the applicant may have in the premises at the time of the sale. If, before the setting apart of the homestead estate, the land covered by the homestead be sold so as to divest the fee but leave the homestead estate intact, a subsequent sale under a tax execution against the head of the family would operate only to convey the homestead estate. In the present case the contest is one of title between two adverse claimants to the same tract of land. A judgment was recovered at common law against one Smith, who was the owner of the premises in dispute; the land was levied upon under an execution based upon this common law judgment; it was advertised for sale, and pending the levy, an application was made by the defendant in execution to have the property levied upon set apart to him as the head of a family. Pending the application, which was finally granted, the property was sold by the

sheriff, and a deed conveying the same made to the purchaser; that purchaser conveyed to the present defendant, who was in possession of the premises at the time this suit was brought. During the continuance of the homestead estate, under a tax execution against the head of the family, this property was levied upon and again sold, and at the tax sale the present plaintiff became the purchaser. After the purchase at the tax sale, the defendant acquired possession of the premises, and was proceeding to commit certain alleged trespasses thereon, which the plaintiff in this proceeding sought to enjoin. Upon the trial of the case, the jury found in favor of the defendant. The record is silent as to whether the homestead estate has yet terminated, but the defendant being in possession and that possession being acquiesced in by the person or persons for whose benefit the homestead was set apart, we are bound to presume that, as against the homestead estate, the defendant is rightfully in possession. This presumption casts upon the plaintiff the burden of proving that the homestead estate has not yet terminated, because as he purchased at the tax sale, and the fee having already been divested before the homestead was set apart by the sale under the common law execution, he acquired only the interest of the applicant as the head of a family; and to authorize a recovery by him as against this defendant, he must show affirmatively that the homestead estate is still subsisting. We think that, upon a review of all the evidence in the case, the verdict for the defendant was right, and that the court properly denied the motion for a new trial.

Let the judgment of the court below be *Affirmed*.