61   183
161s   47

### City Electric Railway Co. v. Christina Jones.

1. ELECTRIC CARS—*Motorman Must be at his Post—Negligence.*—It is negligence to require a motorman upon an electric car to collect fares. An electric car, moving at the usual rate of speed along a street, should be under the constant guidance and control of the motorman, who should always be at his post to slacken speed and give warning whenever necessary.

2. ORDINARY CARE—*At Street Crossings.*—A person crossing a street in which a street car track is laid, is presumed to know that the cars are to be expected at any time, and from either direction. The exercise of ordinary care to avoid the cars in such a place must be determined by the surrounding circumstances; a person in such a place, whose attention is diverted by an unusual and frightful occurrence, can not be said

not to be in the exercise of ordinary care, if for the moment, he omitted to look up and down the street for an approaching car.

Trespass, etc., for personal injuries. Appeal from the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed November 15, 1895.

MILLS BROS. and W. C. JOHNS, attorneys for appellant.

D. D. HILL and BUCKINGHAM & SCHROLL, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The appellee recovered a judgment against the appellant in the sum of $2,500.

As she was walking across Water street, in the city of Decatur, a car in charge of the servant of appellant ran upon her, inflicting the injury complained of. It is urged that under the proof the jury were not warranted in finding that she was at the time in the exercise of ordinary care, and that her failure to observe the approach of the car was due to such neglect on her part as should prevent recovery. In determining this question it is proper to consider the speed of the car and whether any signal was given of its approach. The evidence tends to show that a person walking west on Marietta toward Water street, as she was, could see a car coming south on Water street, as this was, for a considerable distance, far enough at any rate to have avoided the collision. There is no doubt of this. Certainly it was possible to have seen the car in time if she had been looking that way.

She was not so looking, but as she started across Water street, the evidence tends to show, her attention was attracted by a runaway team which dashed across Marietta street and struck a post, upsetting the vehicle. She was watching this and just then the car struck her. She was carrying a basket of clothes, and wore a sun-bonnet which projected past her face, and perhaps interfered with her vision laterally to some extent.

She did not see the car nor hear it.

It was moving, according to some of the testimony, at the rate of ten miles an hour, no signal being given—the motorman at the time being inside the car collecting fares.

Persons crossing a street in which a track is laid for the passage of electric cars may be presumed to know that such cars are to be expected at any time, from either direction, and yet it is not at all unusual to depend more or less upon the warnings that are given at street crossings. Cars move both ways, and to be perfectly safe one must look both ways and not depend upon hearing the signals, but probably very few persons comparatively do so.

Such caution is perhaps extraordinary. At any rate when one's attention is diverted by an unusual and frightful thing like a runaway it would hardly do to say that he was not exercising ordinary care if for the moment he omitted to look up and down the street for an approaching car.

All the plaintiff need prove is such care as ordinarily would have been exercised under the same circumstances. It is not probable that any ordinary person would have acted differently in view of the circumstances here shown.

Certainly the finding of the jury in this respect is not so opposed to the evidence as to justify an appellate tribunal in reversing their conclusion.

As to the negligence of the defendant little need be said. It appears that it was a part of the motorman's duty to collect the fares, and that after he left the switch on the north side of Marietta street, and after he had seen the plaintiff starting to cross Water street, he went in the car and was taking fares when the plaintiff's peril was discovered and brought to his notice by some of the passengers. He ran to his brake as quickly as possible but was too late. No doubt he was running faster than allowed by ordinance when he left his brake; no signal was given, and for all practical purposes the car was running without his guidance or control.

It may be said, without much question, that a motorman ought to be at his post all the time, and it should be no part of his duty to collect fares. An electric car moving at the usual rate of speed along such a street, as in this case,

s'hould be under the constant guidance and control of the motorman, who should be always at his post to slacken speed and give warning whenever necessary. No doubt this accident might have been avoided if the car had been so handled and managed.

We have no hesitation in saying that the proof shows a clear case of negligence on the part of the defendant, and in view of all the evidence that the verdict is responsive to the merits. Complaint is made that the court refused certain instructions, which are not set out in appellant's brief. The abstract does not contain any of the instructions given or refused on either side, though it states that some were given for plaintiff and for defendant, and some asked by the latter were refused. In such condition of the abstract we are not called upon, as has frequently been held, to consider the point so presented.

We have, however, turned to the record and read with care the entire series, and are satisfied the appellant has no just cause of objection.

All that is material and proper in the refused instructions is contained and aptly stated in those given for defendant. The rule as to the degree of care on the part of the plaintiff and the degree of negligence on the part of the defendant, necessarily concurrent in order to support a verdict for the plaintiff, was clearly announced and repeated over and over, so that the jury could not have misunderstood the law applicable to the facts before them.

The judgment will be affirmed.