CHARLES C. MAST, *Appellant,* v. GEORGE B. BAKER, AS
SHERIFF IN AND FOR PALM BEACH COUNTY, FLORIDA,
*Appellee.*

Opinion Filed May 11, 1915.

In a suit in equity to restrain the sale of lands levied on under
an execution, the plaintiff in execution is a necessary party
defendant and the sheriff of the county is not a necessary
and probably not even a proper, party defendant, and a
restraining order granted in such case by a court commiss-
ioner, where only the Sheriff is made a party defendant, is
properly dissolved by the Circuit Judge on motion of such
defendant.

Appeal from Circuit Court for Palm Beach County;
H. P. Branning, Judge.

Order affirmed.

*H. L. Bussey,* for Appellant;

*M. D. Carmichael,* for Appellee.

SHACKLEFORD, J.—Charles C. Mast, who was the defend-
ant in execution, which had issued upon a judgment re-
covered against him by F. A. Guild, filed his bill in chan-
cery against George B. Baker, as sheriff in and for Palm
Beach County, Florida, wherein the complainant sought
to restraint the defendant from proceeding with the sale
of certain described lands, which had been levied on as
the property of the complainant, upon the ground that the
notiie of such sale was not being published for the period
of time required by the statute. A restraining order was
granted by a court commissioner, which upon the motion

of the defendant was dissolved by the Circuit Judge. From this order the complainant has entered his appeal.

It will be observed that F. A. Guild, the plaintiff in execution, was not made a defendant to the bill, nor has he appeared in the cause, so as to give us jurisdiction over his person. Although the point is not made, if such plaintiff in execution was a necessary party to the proceeding, we must notice such fact of our own motion and refuse to adjudicate the matters involved. See Florida Land Rock Phosphate Co. v. Anderson, 50 Fla. 501, 516, 39 South. Rep. 392, and Sarasota Ice, Fish & Power Co. v. Lyle, 53 Fla. 1069, 43 South. Rep. 602, wherein other decisions of this court will be found cited. We think that there can be no question that the plaintiff in execution was a necessary party defendant, as he was directly interested in the matter. It would also seem that the sheriff, who is made the sole defendant, was not a necessary, and probably not even a proper, party defendant. See Alston v. Rowles, 13 Fla. 110, text 116, and Fairchild v. Knight, 18 Fla. 770, text 788. No point was made in Hayes v. Frohock, 56 Fla. 794, 47 South. Rep. 343, as to the joinder of the sheriff as a party defendant with the plaintiff in execution, so that the matter was not discussed. We would also refer to Olin v. Hungerford, 10 Ohio 268, text 272; Edney v. King, 4 Iredell Eq. (N. C.) 465; 10 Ency. of Pl. & Pr. 916; Spelling on Injunctions (2nd ed.) section 977. It may also well be true that there was no occasion to resort to a court of equity in order to obtain the relief sought, as the Circuit Judge might have afforded it on motion, but this point is not properly before us for determination, so we content ourselves with referring to 3 Freeman on Executions, section 436, and the authorities there cited.

As the plaintiff in execution who is a necessary party defendant, was not before the trial court, it follows in the opinion of the members of the court other than the writer, that the order dissolving the injunction was proper and should be affirmed, while the writer is of opinion that the appeal should be dismissed.

Order affirmed.

TAYLOR, C. J., AND COCKRELL, WHITFIELD AND ELLIS, JJ., concur.