McDONNELL FOUNDRY & MACHINE CO. *v.* GLACIER
METAL CO.

[68 South. 769.]

1. SALES. *Acceptance. Effect of acceptance.*
   A buyer of metal, who receives and accepts it from a carrier
   becomes liable for the price thereof, even though the buyer
   had previously rejected it, and the same result follows where
   the carrier sold the metal for transportation charges after the
   buyer had rejected it and the buyer subsequently accepted the
   proceeds of the sale, its right to receive such proceeds depend-
   ing upon the same facts which authorized it to receive the metal
   itself.

2. SALES. *Acceptance. Effect of acceptance.*
   Where pending an action by the seller for the price of metal,
   which the buyer refused to receive from the carrier, and which
   the carrier subsequently sold, and the buyer accepted the pro-
   ceeds of the sale, less the carrier's charges, because of such
   acceptance the seller could not collect any further sum from
   the carrier.

APPEAL from the circuit court of Hinds county.

HON. W. A. HENRY, Judge.

Suit by the Glacier Metal Company against the Mc-
Donnell Foundry & Machine Company. From a judgment
for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*R. H. & J. H. Thompson,* for the motion.

*E. G. Shannon,* opposed.

SMITH, C. J., delivered the opinion of the court.

Appellee instituted this suit in the court below to re-
cover from appellant the price of certain metal alleged
to have been shipped by it pursuant to an order therefor

to appellant over the Alabama & Vicksburg Railroad. On its arrival at Jackson the metal was by the railroad company tendered to appellant and refused by it. Afterwards the railroad company sold the metal for one hundred and twenty dollars; its freight and charges thereon amounting to only a small portion of this amount. Appellee recovered a judgment against appellant for the amount of the account sued on. Several days after and during the same term of court that this judgment was rendered, appellant obtained an order from the court below which reads as follows:

"*Glacier Metal Company* v. *McDonnell Foundry & Machine Company.* No. 2782.

"This cause coming on to be heard on the motion of the defendant to recover the proceeds of a certain sale of a half ton of Glacier metal that was shipped by the Glacier Metal Company to the McDonnell Foundry & Machine Company, refused by them, and sold by the Alabama & Vicksburg Railroad Company for transportation charges on the 11th day of April, A. D. 1914, for one hundred and twenty dollars and ninety six cents, and it appearing to the court that said amount of said sale is still in the hands of the Alabama & Vicksburg Railroad Company, and that the Glacier Metal Company has recovered judgment of the McDonnell Foundry & Machine Company for the purchase price of said metal, and that the McDonnell Foundry & Machine Company is entitled to the proceeds of said sale after the payment of all charges due the Alabama & Vicksburg Railroad Company, it is therefore ordered that the McDonnell Foundry & Machine Company be and is hereby allowed to receive the proceeds of said sale, less the said charges, and that the Alabama & Vicksburg Railroad Company is authorized to pay the same to the McDonnell Foundry & Machine Company."

The railroad company was not made a party to this litigation in any way, but nevertheless complied with the order and paid over to appellant upon demand therefor

the money in its hands in excess of the charges due it for transportation, etc.  The cause now comes on to be heard upon a motion by appellee to dismiss the appeal, because of the acceptance by appellant of the money realized by the railroad company from the sale of the metal. Whether or not this question can be raised by a motion to dismiss is waived by counsel for appellant, who agrees that, if necessary, the motion can be treated as a plea in bar.  The facts upon which the motion is predicated are admitted by appellant; and it now requests permission of this court to pay to the clerk thereof the money received by it from the railroad company, to be held by him to await the final disposition of the cause, on the theory that when this is done no harm will result to appellee because of the acceptance by appellant of the money realized by the railroad company from the sale of the metal.

Had appellant received and accepted the metal, it would have been liable, of course, to the appellee for the price thereof; and this would have been true, even though it had at first rejected the metal, but afterwards received and accepted it.  The same result must follow from the acceptance by appellee from the railroad of the money received by it from the sale of the metal; for appellant's right thereto depends upon the same facts which authorized it to receive the metal itself from the railroad company in the first instance.  It follows, therefore, that a retrial of the cause in the court below will now necessarily result in the rendition of the same judgment as the one here in question.

It is not true that in the event the judgment of the court below should be reversed, and on a retrial of the cause judgment should be rendered in favor of appellant, that no harm would result to appellee because of the acceptance by appellant of this money from the railroad company, if it should now be permitted to pay it to the clerk of this court to await the final disposition of the cause, for the reason that appellee could not thereafter

collect any further sum from the railroad company. If appellant properly rejected the metal, the money realized by the railroad company for the sale thereof belonged to appellee; but its right as against the railroad company was not necessarily limited to the receipt of this money, for it had the right to claim from the railroad company any damages it may have sustained by reason of any wrongful act committed by the company in disposing of the metal. The railroad company's contract with appellee was to transport and deliver the metal to appellant, which contract it has complied with; and although appellant declined to receive the metal itself, it did accept from the railroad company what it admitted to be an equivalent therefor, to wit, the money derived from the sale thereof.

The motion to dismiss will be sustained.

*Sustained.*