### GOBER v. RICHARDS, sheriff.

HINES, J. 1. Pending an application by the wife for a homestead out of lands of her husband, he refusing to apply therefor, a sale of the land by the sheriff to satisfy judgments against the husband should be enjoined until the wife's right to the homestead is determined, when it is shown that such right is superior to such judgments. *Colley* v. *Duncan*, 47 *Ga.* 668; *Johnson* v. *Griffin B. & Trust Co.*, 55 *Ga.* 691; *Eckols* v. *Reeves*, 61 *Ga.* 214. The rulings in *Grace* v. *Kezar*, 86 *Ga.* 697 (12 S. E. 1067), *Jackson* v. *DuBose*, 87 *Ga.* 761 (13 S. E. 916), *Whelchel* v. *Duckett*, 91 *Ga.* 132 (16 S. E. 643), *Orine* v. *Johns*, 96 *Ga.* 220 (22 S. E. 913), and *Taylor* v. *Jarrell*, 104 *Ga.* 169 (30 S. E. 675), do not hold anything contrary to what is held above. Those cases deal solely with the rights of purchasers of property of the head of the family at sheriff's sales, made pending applications for homesteads and with notice thereof, and of the duty of the sheriffs to proceed with such sales, when no steps are taken by the applicants to stop such sales.

2. In suits for injunctions all persons interested in the subject-matter of the suit, and whose rights and interests are subject to be affected thereby, are necessary parties defendant. Civil Code (1910), § 5417; *Hope* v. *Gainesville*, 72 *Ga.* 246; *Miller* v. *McDonald*, Id. 20. To a suit to enjoin a sheriff's sale, the plaintiff in execution is a necessary party with the sheriff, and the absence of such necessary party would furnish ground for refusal of an injunction. *Hope* v. *Gainesville*, supra. But as there is equity in the plaintiff's petition as to all, the sheriff and the plaintiff in fi. fa., and as there can be no proper determination of the application for injunction without having the latter before the court, direction is given that the order refusing an injunction be set aside, that the plaintiff have leave to make the plaintiff in fi. fa. a party defendant, and that the application for injunction be heard upon its merits. *Hollingsworth* v. *North Am. Dep. Co.*, 97 *Ga.* 391 (24 S. E. 35).

*Judgment reversed. All the Justices concur, except Gilbert, J., absent for providential cause.*

No. 4848.    JUNE 22, 1925.

Petition for injunction. Before Judge Irwin. Haralson superior court. April 3, 1925.

*Smith & Watson,* for plaintiff. *Alec Harris,* for defendant.