Common Pleas Court of Hamilton County.

LILLIE SLACK, ET AL. V. CINCINNATI STREET RY. CO.

Decided September 27, 1933.

*James G. Stewart,* for the motion.
*Alfred Pfau* and *Ralph Pfau, contra.*

DARBY, J.

So far as this moton is concerned, the petitions in these cases are identical.

After setting forth the cause of action of the plaintiff, and describing certain acts of the motorman in stopping the car and opening the door for the plaintiff (who was a passenger) to alight, the petition alleges—

"said motorman suddenly closed the door and started said car forward, catching plaintiff's dress in the door, and causing her thereby to be violently thrown to the ground and dragged"

along the street, causing injuries.

In the succeeding paragraph the petition makes allegations as to alleged negligence of the defendant as follows:

"Plaintiff says that the defendant was negligent in that said car was permitted to be operated and conducted by one man, acting as both motorman and conductor, making it necessary in such case for said operator to attempt to direct his attention to various directions and various and conflicting duties at the same time;"

Other allegations of negligence are that the employee of the defendant company started the car and closed the door without giving the passenger a reasonable opportunity to pass through the door, and that the motorman failed to look or to see if she had safely alighted before starting said car, or negligently and willfully started said car and closed the door without waiting for her to alight.

The petition alleges further, "that as a direct and proximate result of the negligent acts of the defendant company and its employees she suffered" injury.

Defendant moves to strike from the petitions the allegation quoted, namely:

"that the defendant was negligent in that said car was permitted to be operated and conducted by one man acting as both motorman and conductor, making it necessary in such case for said operator to attempt to direct his attention to various directions and various and conflicting duties at the same time."

The defendant's claim is that this is a mere allegation of negligence in the operation of what are known as "one man cars," and that the operation "of one man cars" is not in itself negligence.

It is not clamed by the plaintiff that there is any statute or ordinance which requires the defendant to operate its cars with any given number of men.

The first question to be considered then, is whether or not, in the absence of statute or ordinance, it was negligence for the defendant to operate its car without a conductor to assist the motorman in its operation. The question is one of great importance to the public and to street railway companies, for the reason that the practice of operating single electric cars with but one man to act as motorman and conductor is pretty well established, and is being extended.

The greater number of cases to which the court's attention has been directed on this subject involve horse cars, and it is quite an interesting fact that though the electric cars have been so operated for a considerable period of time, there is a great paucity of authority on this subject as applied to electric railways. It would seem, however,

that there is no difference in principle, and the fact that the propelling agency of a street car may be greater than in former days, does not justify the adoption of a different rule.

Booth on Street Railways, Section 335 states the general principle as gathered from the authorties as follows:

"In the absence of a valid public regulation requiring it, a company operating horse cars is not as a matter of law, bound to employ a conductor or second man to guard the cars from intrusion during their transit or to protect passengers, or to assist the driver in the management or control of the car; but the fact that there was no person in charge of the car, aside from the driver, may be considered as a circumstance bearing on the question of the negligence of the defendant charged by a passenger with failure to exercise due care in the management of its cars."

The foregoing statement in both of its branches is generally sustained by the authorities, though there is some conflict as to the latter part of the statement.

In *DiPrisco, Admr.* v. *W. C. Ry.*, 20 Del., (4 Penne.) 527, the question was raised as to the negligence of the defendant in operating its car without a sufficient crew. The court say:

"14. Failure of a street railway company to provide its car with a conductor is not alone sufficient to constitute negligence justifying a recovery for the death of a child in a collision with a car, *unless the motorman at the time of the accident was prevented from doing his duty by trying to perform the duties of both motorman and conductor, and by reason thereof his failure to perform his duty as a motorman entered into and caused the injury.*" (Italics ours.)

See discussion, p. 536.

In *Ganiard* v. *Rochester City, etc. R. R. Co.*, 50 Hun., 22, the court say, p. 24:

"In this state carriers by street cars are not required as a matter of law to provide a conductor to take charge of the car and assist the passengers on and off from the platform. The fact, however, that there was no person in charge of the car aside from the driver, may be considered as a circumstance bearing on the question of the negligence of the defendant. The carrier must allow a passenger a

reasonable time to get on and off the car, and if, while doing so, the car is started suddenly and so as to produce a jerking motion, it is in and of itself an act of carelessness."

*Dunn* v. *Cass Av. Ry. Co.*, 21 Mo. App., 188 involved this same question. The court say:

"1. The ordinances of the city of St. Louis do not require street railway companies to keep a conductor on each of its cars in addition to a driver, and its failure to do so is not negligence *per se.*"

To the same effect see *Bishop* v. *Union R. R. Co.*, 14 R. I., 314, which differs from the other cases only in the fact that the car in question at the time was being driven from the car barns to the shops for repairs.

In *Lamline* v. *Houston, etc. R. Co.*, 14 Daly (N. Y.), 144, the absence of a conductor on a one horse car was again presented. The defendant requested the court to instruct the jury that the absence of a conductor on a one horse car was not negligence. The court declined to so charge, but stated that the jury should say from all the facts in the case, whether a conductor was necessary upon such a car, and this was held to be error.

In the discussion of this proposed charge of the defendant, the court on p. 147 say:

"There is no statute requiring a conductor upon a one horse car. In *Brooklyn City R. Co.* v. *Brooklyn* (37 Hun. 413) the court say: 'Whether a railroad shall have large or small cars, with or without a conductor and how often the cars shall run and when, are subjects left with the companies under their charters, and subject to legislative control.' It could not therefore be properly left to a jury to decide whether a conductor was necessary or not. The question to be left to the jury on the issue of the defendant's negligence was whether *under the actual circumstances of the case,* the defendant exercised the care and prudence required of it in what it did, and whether its negligence caused the injury."

In *Holly* v. *Atlanta Street Ry.*, 61 Ga., 214, the petition set forth that the plaintiff was a passenger on one of the cars of the company, which had a driver—

"but not having a conductor, a personal altercation or fight commenced between two of the male passengers, who were also on the car, and that by reason of the negligence of the said corporation in not having a conductor to preserve the peace and protect your petitioner and others who might ride on the cars of said corporation, and also by the utter failure and gross negligence of the driver of said car to stop said persons from fighting, or before the fight commenced, your petitioner became very much frightened"

and was injured while attempting to leave the car.

The court sustained a demurrer to the petition, and on review the judgment was reversed, the court saying:

"Whether or not these carriers who have intrusted to their care thousands of passengers of all ages, sexes and conditions in life, should provide a conductor or other escort in addition to the driver, is a question of diligence or negligence for the jury, and whether the driver used extraordinary diligence to protect the person of this lady is peculiarly so."

This case is the only case which has been called to the court's attention, or which the court has discovered, which holds that the jury is to determine as to whether or not a conductor should be provided for the street cars.

The greater weight of the authorities support the theory that it is not negligence in itself not to provide a second person in the crew of the street car. It would seem to follow from this, that the queston as to the crew provided for a street car bears only upon the particular case in hand, or as stated in *Lamline* v. *Houston, etc. R. Co., supra,* the question to be left to the jury is whether, under the actual circumstances of the case, the defendant exercised the care and prudence required of it; for, as stated in *Di Prisco* v. *W. C. Ry., supra,* such failure does not justify recovery "unless the motorman *at the time of the accident* was prevented from doing his duty by reason of the circumstances."

It goes without saying that negligence will not justify recovery unless the negligence was the proximate cause of injury; in other words, even if negligence be admitted, it is not a ground of recovery unless it directly caused the injury.

*Cleve Ry. Co.* v. *Wendt,* 120 O. S., 197 illustrates this point very clearly. In that case it was claimed that the defendant was negligent in failing to give warning of the approach of a street car. The court in disposing of that matter as a claim of negligence, says:

"1. Plaintiff cannot complain of the failure to give warning of the approach of a street car where he testifies that he saw and knew of its approach in time to save himself from injury."

Had the plaintiff in his petition stated that he saw and knew of the approach of the car in time to save himself from injury, an allegation of failure by the company to give warning of the approach would have been stricken out as immaterial. *Va. Ry. & P. Co.* v. *Davidson,* 119 Va., 313 holds:

"The mere retention in service of a careless employee does not give rise to a cause of action against the employer for an injury to a third person. This is true even in cases between master and servant, where the foundation of the liability is in the employment of incompetent or unfit fellow servants. In all such cases there must be evidence of some intervening negligence which is the proximate cause of the injury. The mere employment or retention of an unfit servant cannot be the proximate cause of an accident. The unfitness must result in some specific act of negligence or incompetency before any liability attaches."

In the discussion of the case the court on p. 324 refers to *Fonda* v. *St. Paul City Ry. Co.,* 71 Minn., 438, and quotes from the opinion of the court in that case from p. 446 as follows:

"Upon the trial the court, against the objection of defendant, admitted evidence of the general incompetency of the motorman, based on the observations of witnesses who had seen him operate his car on prior occasions. We think this was error. The defendant is liable, if at all for the acts of its servants, upon the doctrine of *respondeat superior.* If the motorman was negligent on this occasion, the defendant is liable no matter how competent he was, or how habitually careful he may have been on other occasions. On the other hand, if he was not negligent on this occasion, the defendant is not liable, notwithstanding that he may have been incompetent or habitually careless on former

occasions. The sole issue, aside from that of plaintiff's contributory negligence, was *whether or not the motorman was guilty of negligence at the time of the accident."* (Italics ours).

In *Carlson* v. *Conn. Co.*, 94 Conn., 131, the question of the negligence of the motorman of the defendant was before the jury, and the court say:

"Where the only issue before the jury is whether the conduct of a street railway motorman upon a given occasion was in fact negligent or not, his experience or inexperience is immaterial and irrelevant; and therefore an instruction which impliedly invites the jury to rest their verdict upon their determination of that immaterial question, is misleading and prejudicial to the street railway company; and this is especially true where,. as in the present case, the evidence of inexperience or incapacity was entirely inadequate to. warrant a finding of fact to that effect."

In the opinion on p. 136 the court say:

"Whether those concerned in the operation of the car were competent or incompetent, experienced or inexperienced, the defendant would not be liable in this action in either event, in the absence of some negligent act or omission on their part. If there was no such act or omission, there would be no liability on the part of the defendant, however inexperienced, incompetent and unfit for their tasks the defendant's employees may have been. If there was such act or omission contributing to the plaintiff's injuries, the defendant would be liable however experienced and ideally competent the negligent actor servant was. The liability of the defendant, if any, must find its basis in negligent conduct on the part of its servant or servants. It cannot rest upon their want of qualification for their task alone. *Monroe* v. *Hartford St. Ry. Co.*, 76 Conn., 201, 209."

*Cleve Ry. Co.* v. *Durilia*, 30 O. A., 389 holds:

"6. Automobile driver having only one arm in suit against street railway for injuries resulting from collision with street car, held not guilty of contributory negligence as matter of law, because of his operation of car at night on slippery track."

It required negligence plus this disability to justify holding the automobilist guilty of contributory negligence.

*City Electric Ry. Co.* v. *Jones,* 61 Ill. App., 183, is an interesting and clear case in which it was held negligence on the part of the defendant to require a motorman upon a street car to collect fares inside the car, and that where the motorman was collecting fares inside the car while the car was running uncontrolled causing injury to a pedestrian, there was a clear liability.

The allegation of which the defendant complains is open to the interpretation and would likely be so understood by the jury, that defendant was negligent in operating the street car with a motorman and no conductor, without regard to the conditions and circumstances existing at the time of the accident. If no other allegation of negligence were contained in the petitions than the one to which objection is made, the court would undoubtedly sustain a de-demurrer to the petitions. These petitions are not demurrable, for they state a cause of action. The proper way therefore to raise the question as to the allegation is by motion.

The court is of the opinion that the allegation as it stands should be stricken from the petitions.