## DONALD CHENEY v. JOHN BENGTSON.[1]

March 1, 1935.

No. 30,261.

Joseph A. Quinn and Dell & Rosengren, for appellant.
Jesse A. Schunk, for respondent.

HOLT, JUSTICE.

The appeal is from an order enjoining and restraining defendant
*pendente lite* from selling certain real estate.

The complaint alleges that defendant as sheriff of Wadena county
has levied an execution to enforce a judgment of the district court
of Becker county, this state, docketed in the district court of
Wadena county for $1,505.04, in favor of the First National Bank
of Menahga and against Irvin L. Cheney, on the land of plaintiff
in Wadena county, describing it, and has given notice of sale; that
the judgment debtor conveyed the land levied upon to plaintiff
long prior to the entry of the judgment, and that plaintiff has re-

[1]Reported in 259 N. W. 59.

mained in possession thereof ever since it was conveyed to him; that the levy is illegal; and the threatened sale will encumber plaintiff's title to the property. In response to the order to show cause why a temporary injunction should not issue, the defendant returned that the execution had been issued to him as sheriff of the county of Wadena to execute according to law; that he has no personal interest in the matter; and he sets out the judgment, writ, and execution under which the levy was made and under which he proposes to make a sale.

From the memorandum of the court below it is apparent that the fundamental objection to the granting of a temporary injunction was not brought to the court's attention. This is an action in equity to prevent a clouding of plaintiff's title to property by a sale under a judgment which is not a lien on the land levied upon. To make such an action of any effect at all, the one who asserts the right which, if enforced, would affect the title should be made a party. Otherwise the suit determines nothing. Here the only party defendant is the sheriff, who has no personal interest in the judgment. He is merely the ministerial officer of the law. First Nat. Bank v. Rogers, 22 Minn. 224; 3 Dunnell, Minn. Dig. (2 ed.) § 3531. As an officer of the law, the sheriff is not the agent of either party to the action. Schroeder v. Lahrman, 28 Minn. 75, 9 N. W. 173. Hence, litigating with the sheriff alone the validity of the lien of this judgment upon plaintiff's land does not in any manner conclude the judgment creditor, the First National Bank of Menahga. In Potter v. Engler, 130 Minn. 510, 153 N. W. 1088, an action to enjoin the cutting of timber on land held in trust for the plaintiff, an Indian, by the United States was held not maintainable against the defendant who had a contract with the government unless the United States was made a party. We think the complaint herein discloses that the First National Bank of Menahga is an indispensable party.

"So also persons without whose joinder no effectual decree can be rendered in plaintiff's favor are indispensable parties, since the

court ought not to interfere at all except in a mode which would be effectual for the purpose of the decree." 32 C. J. p. 296, § 477.

In Graham v. City of Minneapolis, 40 Minn. 436, 42 N. W. 291, a demurrer to the complaint for an injunction to restrain the city from paying a claim was sustained on the ground that the holder of the claim was not made a party. So here, we think the complaint does not state a cause of action to enjoin the sale of this real estate on execution because the owner of the judgment to be enforced is not a party to the action. There is direct authority to the effect that a temporary injunction should not issue where the complaint is demurrable for want of a necessary or indispensable party defendant. Mast v. Baker, 69 Fla. 585, 68 So. 769; Gober v. Richards, 160 Ga. 565, 128 S. E. 668; Howell v. Foster, 122 Ill. 276, 13 N. E. 527; Nail v. Taylor (Tex. Civ. App.) 223 S. W. 719; Arnold v. Pope, 37 Utah, 204, 108 P. 351.

It is said the judgment creditor has the right to intervene. But that does not excuse plaintiff from interfering with the ministerial officer of the law. It was plaintiff's duty, if effective relief against the enforcement of this judgment was desired, to make the First National Bank of Menahga a party defendant.

The order is reversed.