PER CURIAM.
This is an appeal by the appellant, as Comptroller of the State of Florida, from an order denying his motion to vacate and set aside a decree previously entered by the trial court under the following circumstances :
L. S. Hood, plaintiff below and one of the appellees here, filed suit to enjoin the appel-lee McCall, as Sheriff of Lake County, Florida, from levying on an execution issued upon a tax warrant filed with the Clerk of the Circuit Court of Lake County, Florida, under Sec. 212.15, Fla.Stat.1955, F.S.A. The Comptroller of the State of Florida, appellant here, was not made a party to the injunction proceeding. No *489 defense being made to the suit by the appel-lee McCall, a decree pro confesso was entered against him and, based thereon, a final decree was thereafter entered perpetually enjoining the Sheriff from levying execution upon the tax warrant.
Some six months later, the appellant filed in the cause a motion to vacate an4 set aside the final decree, alleging, among .others, that the Comptroller was a necessary party to the injunction proceeding and that neither he nor his predecessor in office had notice of the proceeding until months after the entry of the final decree. The lower court denied the motion and this appeal followed.
There can be no doubt that the. Comptroller is a necessary and indispensable party to any proceeding to enjoin the collection of the tax here involved. When the tax warrant is issued by him and filed and recorded in the office of the Clerk of the Circuit Court of the county in which the tax debtor has property, it becomes a lien upon the taxpayer’s property “in the same manner as a judgment duly docketed and recorded in .the office of such clerk of the circuit court.” Sec. 212.15(3), Fla.Stat. 1955, F.S.A. Execution is issued thereon “the same as on a judgment”. Ibid. While there is some authority to the contrary, this court follows the majority of courts in holding that an execution or attachment creditor or other person for whom an officer acts in seizing or selling property is not only a proper but a necessary party to a suit against such officer to enjoin such seizure or sale. See Mast v. Baker, 69 Fla. 585, 68 So. 769; cases cited in annotation in 106 A.L.R. 613 et seq.
The appellant properly proceeded by motion to vacate the decree, rather than by an independent proceeding in equity, although the latter method of attack might also have been proper. See Freeman on Judgments (5th Ed.) Sec. 260; cf. Capers v. Lee, Fla.1957, 91 So.2d 337; Mast v. Baker, supra; Zipperle v. Smith, Okl.1956, 304 P.2d 310. It was not necessary under the circumstances here present for the appellant to state in his motion to vacate ¿ defense to the original decree.
For the reasons stated, the order appealed from should be and it is hereby reversed and the cause remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
TERRELL, C. J., and ROBERTS, DREW, THORNAL and' O’CONNELL, JJ-, concur.