Pritchard *vs.* Ward—Dugan *et al. vs.* McGlaun *et al.*, etc.

## PRITCHARD *vs.* WARD.

Homestead in realty, under section 2040 of the Code, and the following sections, must be laid off and the plat returned to the ordinary and recorded, in order to vest the title in the head of the family free from his debts, unless the quantity of land owned is not more than that exempted. In this case the quantity owned being eighty-six acres, and that exempted being sixty acres, it was essential that it be laid off and the plat returned in order to show what part had been set apart, so as to determine whether or not a trespass was committed on the land so set apart as homestead.

JACKSON, Justice.

## DUGAN *et al. vs.* McGLAUN *et al.*

[WARNER, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

Where the court has passed a final judgment for the distribution of money, and, during the same term of the court, some of the parties to the proceeding petition for a rule *nisi* requiring the others to show cause why the judgment should not be set aside or rescinded because of a mistake made by counsel in the calculation, and where there is no verification, by affidavit or otherwise, of the facts alleged in the petition, the rule should not be granted, no mistake appearing on the face of the former adjudication.

BLECKLEY, Justice.

## JONES, assignee, *vs.* THE MOBILE & GIRARD RAILROAD; POWELL *vs.* BOUTELL.

[WARNER, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

The defendant in error moved to dismiss this case on the ground that there can be no writ of error to a voluntary *non-suit.*

Such appears to be the law. 7 *Ga.*, 79, 227; 9 *Ga.*, 207; 33 *Ga.*, 205; 60 *Ga.*, 117; 10 Wendell, 169; 3 Howard, Miss., 332, cited by defendant in error.