## BRANCH *v.* FORD.

1. Where, under the provisions of section 2040 *et seq.* of the code, the head of a family seeks to establish a homestead estate in his property, which consists of a tract of land comprising a number of acres greater than that specifically allowed to be exempted, a survey of the land to be allowed as a homestead and the record of such survey are essential to the setting apart of the land to be protected by the homestead right, and until this is done, the homestead is not set apart, or the right of exemption established. *Pritchard* v. *Ward*, 64 *Ga.* 446.
2. Until the homestead is actually set apart, the head of a family may lawfully waive his right thereto, and a judgment based upon a debt, in the creation of which such waiver was made,

may be lawfully enforced, in opposition to the right of the head
of a family thereafter to make the exemption complete.

Submitted November 17,—Decided November 30, 1896.

Equitable petition.   Before Judge Spence.   Worth su-
perior court.   April term, 1896.

*W. A. Aaron* and *J. K. Hines*, for plaintiff.
*D. H. Pope*, for defendant.

ATKINSON, Justice.

The defendant was the holder of a promissory note
against the plaintiff, which note was secured by a mortgage
upon a tract of land containing 175 acres.   In the execu-
tion of the note, plaintiff waived the benefit of the home-
stead and exemption law.   Defendant sued the note to
judgment, foreclosed his mortgage, caused the property to
be sold, and at the sale became himself the purchaser.   He
was proceeding to dispossess the plaintiff when the latter
filed a petition for an injunction, alleging that prior to the
execution of the note, the property had been set apart to
him as a homestead, and praying that an injunction be
granted to restrain the purchaser from dispossessing him.
Upon the trial of the case a verdict was rendered in favor
of the defendant, and the injunction was refused.

It appeared that the plaintiff was the head of a family,
was the owner of the premises in dispute; that he applied
for and had assigned to him a homestead under section
2040 of the code; and that this application and the allow-
ance of the homestead were in all respects regular, save that
the allotment of land which the surveyor was directed to
lay off and did lay off had never been recorded by the or-
dinary.   The land allotted to him did not cover the entire
tract.   A motion for new trial was made upon the general
grounds, which was refused; and we are now to consider
whether the homestead waiver entered into subsequent to
the allowance of the homestead was effective as against
the defendant's claim.

1. Where it is sought to set apart as a homestead realty under section 2040 *et seq.* of the code, and the head of the family owns more land than the amount specifically allowed to be set apart to him by law, the homestead is neither set apart nor does it become operative as a homestead until the land has been actually laid off and a plat thereof returned to and recorded by the ordinary. The latter is one of the indispensable requisites in such a case to vest the title in the head of the family, so as to free the same from the lien of a judgment against him. See *Pritchard* v. *Ward*, 64 *Ga.* 446. According to the principle announced in that case, and which is above stated, the homestead in the present case was never legally set apart, so as to protect it against the lien of judgments against him.

2. Until the debtor has availed himself of the benefit of the homestead law, and had the property claimed by him as a homestead actually set apart and assigned to him, he has competent authority, under the constitution of this State, upon his own account, and upon account of his family, to waive the benefit of the homestead law. Actual segregation of the property as a homestead, set apart in the manner pointed out by law, is essential to deprive him of this right, and the recording of the plat, as we have before seen, is essential to the act of segregation. Therefore, the waiver of the homestead in the present case having been made before the homestead was actually set apart to him, he was bound by the waiver, and his property was not protected from levy and sale by the incomplete homestead which he claimed.                     *Judgment affirmed.*