HURST *v.* COMMISSIONERS OF DeKALB COUNTY.

When two persons receive a sum of money belonging to a minor and invest the same in land, taking title to themselves, they have no beneficial interest in the property, but hold it as trustees for the minor, and it is not subject to an execution issued against such persons as principal and surety on a county treasurer's bond, notwithstanding at the time the bond was executed such trustees were the apparent owners of the land.

Argued February 1,—Decided February 28, 1900.

Certiorari. Before Judge Candler. DeKalb superior court. February term, 1899.

*W. W. Braswell,* for plaintiff in error.

*Candler & Thomson,* contra.

LITTLE, J. The Board of Commissioners of Roads and Revenues of DeKalb county issued an execution against J. A. Mason, county treasurer, and Smith, Medlock, and Steele, securities on his bond, for a given amount. This execution was levied on certain land in DeKalb county, and a claim was interposed by W. R. Hurst, trustee for W. R. Hurst Jr., a minor. The execution was issued for a default of the county treasurer, in making settlement for the county money which came into his hands during the years 1893 and 1894. On the trial of the issue joined, the claimant introduced a deed from the defendants J. A. Mason and M. A. Steele to W. R. Hurst, trustee, which was executed on the 26th day of October, 1898. It was recited in the deed that in the year 1883 the grantors, Mason and Steele, became sureties on the bond of Hurst as trustee, on the condition that the trustee would surrender to them exclusive control and management of the funds belonging to his minor cestui que trust, and that in pursuance of said agreement the trustee did, in said year, turn over to them two thousand dollars, being the property of the minor, and that Mason and Steele in said year did invest that money in the property levied on; they therefore, in consideration of the premises, conveyed the same to the trustee for the benefit of the minor. The claimant also introduced in evidence a petition, returnable to the August term, 1898, of the superior court of DeKalb county, filed by W. R. Hurst, and a verdict and decree rendered thereon. In the petition it was alleged that W. R. Hurst Jr. is the grandson of the petitioner, and is an orphan; that his mother died from natural causes, and his father was killed in a railroad accident; that after the death of his father, which succeeded that of his mother, the petitioner instituted an action, as next friend of the minor, against the railroad company, and recovered for him two thousand dollars on account of the negligent homicide of the father of said minor; that after the judgment or recovery was had, he was required to execute a bond with sureties, in order to receive the money for the minor; that he applied to Steele and Mason to become his sureties on said bond, and they agreed

to do so, provided he would turn over to them for their exclusive control and management the amount of money so recovered, which was done; and that in 1883, with knowledge of all the facts, Steele and Mason took charge and control of the money of the minor, and purchased the land levied on and took titles in their own names.    The petitioner further alleged that Steele and Mason were insolvent, and recited the fact that the execution which is proceeding against the property was outstanding against them, and prayed that the title to the property be decreed to be in the petitioner as trustee for Hurst Jr.    The case was submitted to a jury, who by their verdict returned as true the facts set up in the petition, and on its rendition the court decreed accordingly.    The claimant having closed his case, the judge directed a verdict finding the property subject to the execution, and a judgment in accordance therewith was rendered. The claimant excepted to the ruling of the court directing this verdict; and the question presented to us is, whether or not such direction was error.

It is contended by counsel for the defendant in error that at the time Mason, county treasurer, executed his bond, and also at the date of the levy of the execution, the legal title to the property claimed was in Mason and Steele, and, inasmuch as the property of the defendants in execution was bound from the time of the execution of the official bond, and, as there was no evidence showing that the county had notice or knowledge that any one had an equitable right in the land, or that it was only held in trust by the grantees, that the verdict was right; and it is further contended, inasmuch as the claimant received the money belonging to the minor only upon the execution of a bond to account for the money to the minor, that no trust existed, but that the minor must look to the bond on arriving at majority.    In our judgment neither of these contentions is sound.    The facts have been adjudicated between Hurst, trustee, and Mason and Steele, by a decree of the court, and there can be no question that the grantees in the year 1883 received two thousand dollars of money belonging to the minor, Hurst Jr.    It does not make any difference from whom they received it, nor how they received it; it was money in which they had no interest.    Being the

money of the minor, they were accountable to him or to his representative for it. And when they invested it in the land levied on, notwithstanding they caused the legal title to be vested in them, the property belonged to the minor, and, by operation of law, they held it in trust for him. Section 3196 of the Civil Code declares that whenever the circumstances are such that the person taking the legal estate, either from fraud or otherwise, can not enjoy the beneficial interest without violating some established principle of equity, the court will declare him a trustee for the person beneficially interested. So that there can be no doubt that the beneficial interest in this property belonged to the minor in 1883. The claimant in 1898 brought these facts before the superior court, which decreed the legal title to be in the claimant as trustee for the minor. This decree followed, necessarily, the proof of the facts, and its legal effect is to establish that the land was the property of the minor in 1883. It is, however, contended that, under section 456 of the Political Code, when Mason executed his bond as county treasurer, as the legal title was in him and his surety, this property became bound to the county, under the provisions of law, for any default on his part. Not at all. The property of Mason and Steele was bound therefor, but it does not follow, because the legal title was at that time in Mason and Steele, that this property was bound; because, whether they had the legal title or not, any property which they then owned or to which they had a claim of right was bound, and no property which they did not own, irrespective of where the naked title vested, was bound. As we have seen, the beneficial interest in the property levied on was at that time in the minor—his money paid for it, and as a matter of law, without regard to the fact that they held the legal title, they were but trustees of the minor in so holding it.

But it is further said that the verdict was right, because the relation of debtor and creditor existed between the defendants in execution and the county, and that the property would not be discharged unless the county had notice of the equity of the minor therein. We do not so understand the rule of law. Until a breach of such a bond, there was no debt, and no relation of debtor and creditor. Besides, this is not a case where the

county extended credit to Mason or Steele on the faith of this property. It is not a requisite that a county treasurer should be possessed of any property, but it is required that he shall give security for the faithful performance of his official duties. If he has any property, it is bound from the time of the execution of his bond. If he has no property, he is nevertheless county treasurer when he gives bond and takes the prescribed oath; and the doctrine that a secret equity can not prevail against the claim of one who extended credit to another on the faith that the ownership was in him who held the legal title can not come into this case. That doctrine is founded on a correct equitable principle, but it would be most inequitable and unjust to allow the property of this minor, unable to protect himself, to be appropriated to a debt of Mason and Steele, however just it may be, because of their insolvency. They possessed no shadow of a right to it, but unlawfully received and invested his money in it. It is our judgment that it is neither legal nor equitable for such a result to ensue; and the judgment of the court below is                *Reversed. All the Justices concurring.*