### MOATE *et al. v.* RIVES.

1. A judgment in ejectment is binding on the actual parties, but it may also bind others. Where the defendant in the suit has leased a portion of the land to a tenant who claims no other interest in the land except as tenant of the defendant, and where such tenant has actual notice of the pendency of the suit against his landlord, he will be bound by the judgment. But if the plaintiffs in the ejectment suit induce the tenant not to interfere in such suit, on the assurance that they will recognize his right to remove a building erected on the land, and they subsequently sue the tenant for that part of the land on which the building rests, the tenant will not be estopped by the former judgment from setting off his improvements under the Civil Code, § 5587.
2. A tenant who leases land from one in the bona fide possession thereof under adverse claim of right may set off, in an action brought against him by the true owner, the value of permanent improvements bona fide placed thereon by himself.
3. One may be the possessor of land in good faith, though aware of an opposing claim (where such knowledge would not of itself impute bad faith), if he enters in full confidence of his title or the title of one under whom he immediately claims; but his knowledge of an opposing claim of title is a circumstance to be considered by the jury in determining his good faith.
4. The ruling of the court upon the scope and effect of the evidence referred to in the fourth division of the opinion was too restrictive, and constituted harmful error.

FEBRUARY 14, 1917.

Complaint for land. Before Judge Park. Hancock superior court. January 26, 1916.

W. H. Rives leased from the Georgia Railroad and Banking

Company a small area of land for the purpose of constructing thereon a storehouse. He agreed to pay an amount for ground-rent, and reserved the right to remove the building, contracted to be erected thereon, within thirty days after the termination of the lease. The following provision appears in the lease contract: "Whereas 'the title of the party of the first part to the premises here leased is disputed by other persons (the rightfulness of the claim of title by such person is, however, denied by the party of the first part), it is distinctly covenanted and agreed by the parties hereto, that should the title of the party of the first part fail, the party of the second part shall not hold or attempt to hold the party of the first part liable to the party of the second part in any manner for any damages that he may receive as tenant; or by reason of having erected his building on the leased premises, growing out of the failure of the title of the party of the first part." Rives constructed a building on the leased premises. Subsequently the heirs of J. W. Moate instituted an action of ejectment against the Georgia Railroad and Banking Company, to recover a tract of land which embraced the premises leased by the railroad company to Rives. The plaintiffs recovered in that action. Afterwards the same plaintiffs brought an action to recover the premises in possession of Rives, which he had leased from the railroad company. In his plea Rives denied the title of the plaintiffs, but admitted that he entered into possession of the land as tenant of the railroad company, and that plaintiffs had recovered the premises from the railroad company prior to the institution of the present action. He averred, that he did not defend that action because he was assured by the plaintiffs that they would not contest his right to remove the house in the event they prevailed; that under his contract with the railroad company the house which he built on the premises never became a part of the land, but was personalty, and that he was entitled to remove the same under his contract with the railroad company; that he entered into possession of the land under his lease contract in good faith, believing that the railroad company had the true title, and made permanent improvements, moving a storehouse upon the premises; and, if the plaintiffs be entitled to recover the land, he asked to set off the value of his permanent improvements. The court submitted the issues in the form of a special verdict, directing a finding as to the right of the

plaintiffs to recover; as to the actual monthly rental value of the property with the improvements and without the improvements; and the present cash value of the land with the improvements and without the improvements, and whether the defendant made the improvements in good faith. The plaintiffs being dissatisfied with the verdict moved for a new trial, which was refused, and they excepted.

*Burwell & Fleming,* for plaintiffs.

*R. L. Merritt* and *Sibley & Sibley,* for defendant.

EVANS, P. J. (After stating the foregoing facts.)

1. The trial developed that the defendant did not claim any interest in the land in controversy beyond that acquired by virtue of his lease contract with the Georgia Railroad and Banking Company. Under that contract he was a tenant at will, entitled as against his lessor to remove the building from the land within thirty days after the termination of his tenancy. That relation existed at the time of the institution of the ejectment suit by the plaintiffs against the railroad company. The defendant, though not a party, knew of the suit against his landlord by these plaintiffs to recover a tract of land, which included the premises involved in the present controversy. The judgment in an ejectment suit is binding on the actual parties, but it may also bind others. A judgment for the plaintiff not only binds the defendant, but also his tenant who claims no other interest in the land except to occupy it as a tenant. Moreover the tenant, the defendant in the present action, admits that he knew of the pending suit against his landlord, but excuses himself from taking part therein, because of assurances of the plaintiffs that his title to the house and his right to remove it would be respected by them in the event they prevailed in the suit. Unless he was prevented by the conduct of the plaintiffs from making the defense he now seeks to avail himself of, he would be concluded by that suit. *Rodgers* v. *Bell,* 53 *Ga.* 94; Powell on Actions for Land, § 424. As to the conduct of the plaintiffs in this regard the evidence was in conflict, and in the absence of any complaint of the court's instruction on this phase of the case it will be presumed that this issue was properly submitted.

2. Our code makes a distinction, in regard to setting off improvements against mesne profits, between one who is bona fide in

possession under claim of right and a mere trespasser. In the latter case mesne profits are not to be reduced below the sum which the premises would have been worth without such improvements; in the former case no limit is fixed. Civil Code, §§ 5671, 5587. *Dean* v. *Feely*, 69 *Ga.* 804 (5a). Section 5587 of the Civil Code provides that "in all cases where an action has been brought for the recovery of land, the defendant who has bona fide possession of such land under adverse claim of title may set off the value of all permanent improvements bona fide placed thereon by himself or other bona fide claimants under whom he claims; and in case the legal title to the land is found to be in the plaintiff, if the value of such improvements at the time of the trial exceed the mesne profits, the jury may render a verdict in favor of the plaintiff for the land and in favor of the defendant for the amount of the excess of the value of the improvements over the mesne profits." Is this statute applicable to one who improved land as the tenant of another, when sued in ejectment by the true owner of the land? The statute, by its terms, applies to such defendants as have "bona fide possession of such land under adverse claim of title." The railroad company could not have set off the value of permanent improvements erected by its tenant; and unless the tenant is allowed to set off in the present action the value of permanent improvements made by him, he would lose them. The statute is a liberalization of the rules of the common law, and is designed to protect bona fide possessors of land under an adverse claim of title to the extent of the value of the permanent improvements made on the land, in case the true owner of the land recovers the land. There is such a nexus between the landlord and his tenant as to give the latter a status, so as to enable him, if the landlord had bona fide possession under adverse claim of title, to avail himself of the statute where he is separately sued by the true owner.

3. It is contended that the tenant was not such a bona fide possessor as to entitle him to the benefits of the statute, on account of the clause in his lease contract with the railroad company, reciting that the railroad's title was disputed by other persons, the rightfulness of which claim was denied by the railroad company, and because of the covenant that if the title of the railroad company should fail the tenant should not hold the railroad company liable in damages by reason of having erected his building on the

leased premises, or otherwise on account of the failure of the title of the railroad company. These provisions of the lease contract do not conclusively refute the defendant's claim that he was a bona fide possessor. All that the defendant is charged with is notice, not that any particular individual was disputing the title, but that some one was asserting an adverse title which his landlord solemnly stated was spurious and invalid. It has been held by this court that the statute declaring that notice sufficient to excite attention and put a party on inquiry is notice of everything to which it is afterwards found such inquiry might have led will not prevent a purchaser of land, who has knowledge of a mere rumor that the title to the land he is buying is bad, from becoming a purchaser in good faith. *Williams* v. *Smith,* 128 *Ga.* 306 (57 S. E. 801) ; *Black* v. *Thornton,* 31 *Ga.* 641, 659. Again, there is a statute to the effect that when any person has bona fide and for a valuable consideration purchased property and has been in possession of it a certain number of years, the same shall be discharged from the lien of any judgment against the person from whom he purchased. Civil Code (1910), § 5950. Under this statute it was held that a person may be a bona fide purchaser of land, notwithstanding he purchased with notice of a lien of a judgment. Such notice, being only prima facie evidence of malà fides, may be rebutted by showing good faith towards the judgment creditor, but it is a circumstance to be considered with the other evidence on the question of the bona fides of the purchase and possession. *Danielly* v. *Colbert,* 71 *Ga.* 218. In the present case the tenant erected the improvements before the institution of the suit against the railroad company; and the facts are not like those in the case of *Richards* v. *Edwardy,* 138 *Ga.* 690 (76 S. E. 64), where the defendant made the improvement pending an action of ejectment against him, and where he was denied the benefit of the statute because he had full notice of the defect in his title and of the rights of the plaintiff in the action against him. So we conclude that one may be the possessor of land in good faith, though aware of an opposing claim (where such knowledge would not of itself impute bad faith), if he enters in full confidence of his title or the title of one under whom he immediately claims; but his knowledge of an opposing claim of title is a circumstance to be considered by the jury in determining his good faith. Sartain *v.*

Hamilton, 12 Tex. 219 (62 Am. D. 524). In the instant case the defendant submitted evidence authorizing an inference that when he contracted with the railroad company and constructed a storehouse upon the land he believed that the railroad company, which was in adverse possession of it, had title to the land, and had the lawful right to lease the premises to him; and therefore he was entitled to avail himself of the statute so as to recover the value of permanent improvements made by him in good faith.

4. The record of the suit to recover land, brought by the same plaintiffs against the Georgia Railroad and Banking Company, eventuating in a judgment, was introduced in evidence; and also the lease contract· from the railroad company to the defendant. Objection was offered to the introduction of this contract; and the court, in allowing such evidence, stated in the presence of the jury as follows: "I will let that in for the purpose of the jury taking into consideration in passing on the question as to whether or not the defendant holds under the Georgia Railroad and Banking Company. I hold, as a matter of law, that the plaintiffs, if entitled to recover at all in this case, will be entitled to recover only the rental value as shown from the evidence in this case that the land was worth." This positive limitation on the plaintiffs' right of recovery and the evidential value of the lease contract was harmful error. The plaintiffs contended that the defendant did not act in good faith in putting the improvements on the land. An important factor of such contention was that the defendant's contract, by virtue of which he constructed the storehouse, put him on notice that the railroad company was not the true owner of the land. When the court limited the scope of the evidence as he did, he denied to the plaintiffs the consideration by the jury of this fact on the question of the bona fides of the defendant in making the improvements. Under the facts of this case we regard this incident of the trial as highly prejudicial· to the plaintiffs' rights.

*Judgment reversed. All the Justices concur.*