### ROGERS *v.* KIMSEY *et al.*

1. Where pending a levy on land, and before sale under the execution, the defendant therein applied to the ordinary for the setting apart to him, as head of a family, of a homestead in part of this land, and the application was duly allowed, and at the time and place of execution sale the defendant's attorney announced to the public that the land could not lawfully be sold, because 80 acres of the 109 acres levied on had been set apart as a homestead, and because of litigation, whereupon the sale proceeded, and the plaintiff in execution bought the land, paid the price bid, and received a deed from the sheriff, and on the next day the county surveyor made a survey and plat of the 80 acres so set apart, which plat was recorded one day later and within the fifteen days allowed by statute, the sale and purchase of the parcel thus set apart were made subject to the homestead right.

2. It was error to refuse an injunction to prevent dispossession of the head of the family from the 80 acres set apart as a homestead.

No. 5507. NOVEMBER 13, 1926. REHEARING DENIED NOVEMBER 25, 1926.

Petition for injunction. Before Judge Tarver. Whitfield superior court. May 25, 1926.

---

Homesteads, 29 C. J. p. 981, n. 29; p. 982, n. 60.

*George G. Glenn* and *D. W. Mitchell,* for plaintiffs.

*William E. & Gordon Mann,* for defendants.

GILBERT, J.   John D. Johns procured a judgment against W. M. Rogers, and caused a fi. fa. to be levied on 109 acres of land as the property of the latter.   The wife of Rogers filed a claim. On the trial of the claim case the property was found subject to the fi. fa.   The land was advertised to be sold, and on the day of sale Rogers, defendant in fi. fa., through his attorney, announced to the public that the land could not be lawfully sold, because 80 acres of said land had been set aside as a homestead, and because of litigation.   Kimsey purchased the land at the sheriff's sale with such notice, paid the purchase-price, and received a sheriff's deed on the day of the sale, May 4, 1926.   On April 24, 1926, Rogers applied to the ordinary for a homestead under the Civil Code (1910), § 3416.   The schedule of property filed, in addition to personal property, included 50 acres of the land and an additional 5 acres for each of the six children, making 80 acres in all, this land being a part of the 109 acres sold to Kimsey at the sheriff's sale.   The homestead was duly allowed by the ordinary. There was compliance with Civil Code § 3418, which provides that the county surveyor, or other surveyor if there be no county surveyor, lay off the land and make a plat of the same, and for the return of the plat to the ordinary within fifteen days after the application is made to the surveyor by the debtor, to be recorded as provided for schedules returned.   On the day next after the sale, May 5, the county surveyor was requested to make a survey and plat, which was immediately done, and the same was recorded on May 6, 1926.   Thereupon Rogers instituted the present suit to enjoin Kimsey from dispossessing him of 80 acres of the 109 acres sold to Kimsey, said 80 acres being the land set apart as a homestead by the ordinary.   At the hearing the petitioner introduced evidence showing the public notice given at the sale and also the homestead proceedings.   The defendant introduced the record of the suit instituted by Johns against Rogers, including the verdict and judgment, and also the record of the claim case.   The court rendered a judgment denying an injunction.   The petitioner excepted to that judgment, and also to the ruling of the court on the admissibility of portions of the record in the suit by Johns against Rogers.

1. The purchase of the land was made with full notice of the homestead. The plat of the homestead property having been made by the county surveyor and recorded within the fifteen days allowed by law, the sale was made subject to the homestead. The court, therefore, erred in refusing to grant an injunction. Civil Code (1910), § 3421; *Kilgore* v. *Beck,* 40 *Ga.* 293; *Cook* v. *Hendricks,* 146 *Ga.* 63, 64 (90 S. E. 383).

2. The notice given at the sale was sufficient to comply with the rule stated in *Williams* v. *Smith,* 128 *Ga.* 306 (57 S. E. 801).

*Judgment reversed. All the Justices concur.*

### ON MOTION FOR REHEARING.

1. Within the time allowed under the rules of the court, the defendants in error filed a motion for rehearing, upon several grounds. All of these grounds insist that the court overlooked certain decisions or a part of the record. None of them have any merit. One complains that the court overlooked that portion of the record where it is shown that W. M. Rogers, owner of the land sold, prior to the sale had conveyed the land to his wife, and that under the decision of this court in *McDowell* v. *Mc-Murria,* 107 *Ga.* 812 (33 S. E. 709, 73 Am. St. R. 155), the title passed out of Rogers, and therefore at the time of his application for homestead in such land he had no title. Unfortunately this point was not expressly ruled upon. On considering the motion for rehearing we are now considering the question, and find from the record that prior to the sale of the land under the fi. fa., and prior to the application for homestead, Mrs. Rogers reconveyed the land to her husband, W. M. Rogers. Therefore, when W. M. Rogers made application for homestead, he had title to the land and could properly and legally acquire a homestead therein.

Movants reiterate the contention that at the time of the sale no plat had been made by the surveyor and recorded by the owner as required by law. We have already ruled on this question, holding that the applicant for homestead had fifteen days from the date of his application within which to file a plat and have the same recorded, and that in this case the record shows that the plat was filed and recorded within fifteen days. Under the law, when that is done the homestead is legally set aside as completely as if the plat had been filed with the application. If the rule were otherwise, in many instances it would be useless to allow the ap-

plicant fifteen days, because his property might be swept away from him in less time.

2. Movants request that this court so modify its judgment that the same may not prejudice them on the final trial of the case; and so that they will not be prohibited from contesting the validity of the homestead on other grounds. Our ruling goes no further than the assignment of error, which was a complaint that the court erred in refusing to grant an interlocutory injunction. The rulings should have no bearing on the final trial, further than to direct the court on the principle of law involved before us now.