### Rainey v. Whatley.

Atkinson, J. 1. A ground of a motion for a new trial, complaining of the admission in evidence, over stated objections of the movant, of certain documents which are neither set out literally or in substance in the motion nor attached thereto as exhibits properly identified, but are merely referred to in the motion in general terms as being "all set out in the brief of the evidence in this case for complete reference to them as to what they show," presents no question for adjudication. *Ford* v. *Blackshear Manufacturing Co.*, 140 *Ga.* 670 (2) (79 S. E. 576); *Perry* v. *Monroe*, 150 *Ga.* 26 (2) (102 S. E. 356). The ground of the motion for a new trial relating to the admission of evidence does not present any question for decision.

2. Where there is no conflict in the evidence, and that introduced with all reasonable deductions or inferences therefrom demands a particular verdict, the court may direct the jury to find for the party entitled thereto. Civil Code (1910), § 5926.

3. On the question of prescriptive title under the Civil Code (1910), § 4169, based on adverse possession of land for more than seven years under color of title, where the uncontradicted evidence shows that the prescribor and each of the several persons under whom he claims maintained possession under warranty deeds executed upon a valuable consideration for successive terms less than seven years but more than seven years in the aggregate, and it does not affirmatively appear that either of the several possessions originated in actual fraud upon the true owner, such several possessions will be presumed to be in good faith (*Williams* v. *Smith*, 128 *Ga.* 306 (1 b), 57 S. E. 801; *Shingler* v. *Bailey*, 135 *Ga.* 666 (8), 70 S. E. 563; *Lawson* v. *Prosser*, 146 *Ga.* 421 (3), 91 S. E. 469; *Moate* v. *Rives*, 146 *Ga.* 425, 91 S. E. 420; *Baxley* v. *Baxley*, 117 *Ga.* 60 (4), 43 S. E. 436; *Teel* v. *Griffin*, 142 *Ga.* 245 (2), 82 S. E. 662), and a verdict setting up the prescription will be demanded and may be directed by the judge. *Roberson* v. *Downing Co.*, 126 *Ga.* 175 (54 S. E. 1020).

4. In the case under consideration there was evidence for plaintiff that Scurry, Meadows, and Loyd successively occupied and cultivated portions of the land embraced in their respective deeds from year to year and continuously for a period of more than seven years without any interruption. The evidence of the defendant's witness was: "*No one* of these parties, Scurry, Meadows, or Loyd, were in possession of this land and cultivated same continuous for a period of seven years." *Held*, that this testimony of defendant's witness does not contradict the testimony of plaintiff's witnesses above named, to the effect that they successively occupied the land for separate periods aggregating more than seven years.

5. The evidence demanded the verdict for the plaintiff, and the judge did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 6958. September 27, 1929.

*William B. Kent,* for plaintiff in error.   *W. S. Mann,* contra.