ROGERS *v.* KIMSEY.

No. 9650. November 11, 1933.

*Mitchell & Mitchell,* for plaintiff in error.

*R. Carter Pittman* and *Mann & Mann,* contra.

Hill, J. A petition was brought by R. O. Kimsey to enjoin W. M. Rogers from cutting timber on certain described land, alleging that on May 4, 1926, petitioner purchased at sheriff's sale the 109 acres of land in controversy, and received a sheriff's deed to the property. Thereafter Rogers brought suit to enjoin the sheriff from putting Kimsey into possession of the land, claiming a homestead in the same under the Civil Code (1910), § 3416, and also claiming five acres of the land for each of six minor children under the age of sixteen years. The judge denied an injunction, and that judgment was reversed. *Rogers* v. *Kimsey,* 163 *Ga.* 146 (135 S. E. 497) ; this court holding that "It was error to refuse an injunction to prevent dispossession of the head of the family from the eighty acres set apart as a homestead." The case was again tried; the jury found in favor of the homestead; the case was brought to this court, and a new trial was granted. *Kimsey* v. *Rogers,* 166 *Ga.* 176 (142 S. E. 667). On the next trial the jury returned a verdict finding in favor of the homestead taken out by Rogers. A new trial was denied, and on exception that judgment was affirmed. *Kimsey* v. *Rogers,* 172 *Ga.* 175 (157 S. E. 462). It is alleged in the present petition that if the homestead was valid the defendant has no right to cut the timber and thus deprive the land of its chief value; that under the homestead defendant has the right to use the land for agricultural purposes only; that two of the tracts of land of five acres each, set apart to children of the defendant, have reverted to the plaintiff, as these children have attained the age of

sixteen years. By amendment it is alleged that the homestead is null and void, because the defendant made a false affidavit in obtaining the homestead in swearing that three of his children were under the age of sixteen years; that, the schedule being tainted with fraud, the entire homestead proceeding was void; that the homestead proceeding is null and void for the further reason that the defendant fraudulently concealed a portion of his personal property, and lands which he had fraudulently conveyed to his wife, then to J. W. Keith, and then to G. W. Coker.

The defendant demurred to the petition and filed an answer. The special demurrers were met by amendment, and the general demurrer was overruled, on which ruling error is assigned in exceptions pendente lite. In the answer the defendant admits that he is cutting some timber from the lands, but avers that he is cutting no more than is necessary in the repair of the buildings on the place, and to put in cultivation more land, and that it is not his purpose to cut and sell any of the timber. The jury returned a verdict for the plaintiff. A motion for new trial was overruled, and the defendant excepted.

■ The first headnote does not require elaboration.

■ The first special ground of the motion for new trial assigns error on the following instruction to the jury: "I charge you, that under the pleadings in this case and the evidence, that the defendant Rogers is the owner, by virtue of a homestead, he and his family, of an interest in 80 acres of land as described in the pleadings, subject, however, to the reversionary rights of the plaintiff Kimsey in these lands." The error assigned is that the defendant had the land set apart to himself and six children as a homestead on April 24, 1926, and the plat was made by the county surveyor and filed in the office of the ordinary and made a part of the homestead on May 6, 1926; that the sheriff's deed to Kimsey was dated May 4, 1926; and that Kimsey acquired no rights whatever to the land under his deed, reversionary or otherwise. In *Rogers* v. *Kimsey*, 163 *Ga.* 146, 148 (supra), involving the same tract of land as a homestead, and between the same parties to the present litigation, it was held by this court that "the applicant for homestead had fifteen days from the date of his application within which to file a plat and have the same recorded, and that in this case the record shows that the plat was filed and recorded within fifteen days. Under the law,

when that was done the homestead is legally set aside as completely as if the plat had been filed with the application." The intermediate purchaser acquired a valid title to the property sold at the sheriff's sale, subject to the homestead rights in the eighty acres of land. See also *Branch* v. *Ford,* 99 *Ga.* 761 (26 S. E. 759) ; *Grace* v. *Kezar,* 86 *Ga.* 697 (12 S. E. 1067) ; *Jackson* v. *DuBose,* 87 *Ga.* 761 (13 S. E. 916) ; *Crine* v. *Johns,* 96 *Ga.* 220 (22 S. E. 913).

■ Two grounds complain of the following instructions in the charge of the court to the jury: "I charge you that the tracts numbered two, three, four, and five of that land, containing five acres to each tract, the children for which each one of these were set aside having arrived at the ages of sixteen years, that the homestead rights in these tracts have passed, and that the title thereto has reverted to the purchaser, R. O. Kimsey. As to whether or not tract number six, which was set apart as a homestead for the benefit of William Rogers, has passed by virtue of William Rogers having become sixteen years of age, I submit as a question for this jury to determine. If William is sixteen, and the pleadings are amended to claim this tract number six has reverted to R. O. Kimsey on account of William becoming sixteen, then Kimsey would be entitled to an injunction as against this defendant from trespassing upon these lands, or using the timbers thereof, just as he would be in the other five-acre tracts." The complaint is that the charge is an incorrect statement of the law; that the land under the homestead remains for the support of the head of a family and minor children until they reach majority; that all of the evidence showed that none of the children had reached majority; that the ages of the children as set out in the homestead as of April 24, 1926, were 14, 12, 10, 8, 6, and 4 years respectively. The school records for the years 1921, 1923, 1924, 1925, 1926, and 1928 showed the ages of the children as of 1921, Pauline Rogers age 13, Earl Rogers age 8, Ellen Rogers age 6; for 1923, Pauline 15, Irene 14, Arver 12; for 1928, Pauline Rogers, born May 20, 1909, age 18; Irene Rogers born September 5, 1910, age 17; Arver Rogers, born January 23, 1914, age 14; Earl Rogers, born March 12, 1916, age 12; Ellen Rogers, born September 26, 1917, age 10; William Rogers, born April 20, 1920, age 8.

The homestead involved in this case was what is known as a "pony" homestead, having been claimed and set apart under the Civil Code of 1910, § 3416, which provides, in part, as follows:

"The following property of every debtor, who is the head of a family, shall be exempt from levy and sale by virtue of any process whatever under the laws of this State, nor shall any valid lien be created thereon, except in the manner hereinafter pointed out, but it shall remain for the use and benefit of the family of the debtor: 1. Fifty acres of land, and five additional acres for each of his or her children under the age of sixteen years. This land shall include the dwelling house, if the value of such house and improvements does not exceed the sum of two hundred dollars: Provided that none of the above land be within the limits of a city, town, or village, and does not include any cotton or wool factory, saw or grist mill, or any other machinery propelled by water or steam, the value of which exceeds the sum of two hundred dollars; and provided also that such land shall not derive its chief value from other cause than its adaptation to agricultural purposes. Or, in lieu of the above land, real estate in a city, town, or village, not exceeding five hundred dollars in value." Section 3424, having reference to a homestead of the same character, is as follows: "The property exempt under this law shall be for the use and benefit of the family of the debtor from whose estate said property has been exempted and allowed; and upon the death of the wife, or her subsequent marriage, said property shall remain for the support and benefit of the minor children of said debtor, during their minority." Under these provisions, the exemption shall be and remain for the use and benefit of the family of the debtor, and is not terminated until the family ceases to exist as stated in section 3424. The exemption is to the family as a unit, and the provision for allowing 50 acres of land and five additional acres for each child under the age of 16 years was intended merely to define the quantity of land that may be claimed and set aside as exempt according to the size of the family, considering the number of children, if any, and the law does not contemplate a separate and distinct allowance of five acres of land to each child. Accordingly, the court erred in charging the jury that the "homestead rights" in the five-acre tracts of land referred to were terminated when the children for which these tracts were set aside respectively arrived at the age of 16 years. So far as the ages of the children are concerned, the homestead is not terminated so long as any one of the children has not reached his or her majority. While it appears from a plat in the record that the ex-

emption consisted of 50 acres of land to W. M. Rogers as head of a family, and of six adjacent tracts of five acres each to six named children, the homestead is nevertheless to be considered as a tract of 80 acres of land claimed and set apart for the use and benefit of the family as a whole, and not as consisting of seven distinct homesteads, the law as above referred to being controlling as to these matters. See, in this connection, *Heard* v. *Downer*, 47 *Ga.* 629; *Benedict* v. *Webb*, 57 *Ga.* 348; *Towns* v. *Mathews*, 91 *Ga.* 546 (4) (17 S. E. 955).

What is said above applies also to the complaint of the charge of the court in directing a verdict with reference to four of the five-acre tracts set apart as a homestead for the children of the defendant.

■ Error was assigned because the court refused to allow the witness R. O. Kimsey, on cross-examination, to answer the following question: "Q. Did you hear Mr. George G. Glenn, attorney for the defendant, W. M. Rogers, announce before any bids were made by you or any one else, and just as soon as the sheriff completed the reading of the advertisement, that one buying this property would be buying a lawsuit, because it had been set apart to Rogers as a homestead, and that any one could go right to the ordinary's office and see the record; and further that litigation was pending in the bankruptcy court concerning this property?" It is stated that the witness would have answered, "Yes." It is insisted that the answer was very material to the defendant's case, and would show conclusively that the plaintiff had actual notice, prior to the time of his purchase of this land, that the same had been set apart to Rogers as a homestead and was not subject to levy and sale. "And further said question and answer was material to the issues involved, in that plaintiff was contending that he had a reversionary interest in said property, and defendant contending that as said property was duly set apart to him as a homestead and that plaintiff had actual notice of this fact prior to the time of the sale and purchase by plaintiff, and therefore, said sale being void, no title whatever passed to plaintiff, Kimsey, in the property set apart as a homestead; and therefore the court's refusal to allow witness Kimsey to answer this question was such harmful error as to authorize the granting of a new trial." The ruling of the court was not erroneous for the reasons assigned.

The court erred in refusing a new trial.

*Judgment reversed. All the Justices concur.*