HESTER *et al.* v. MUSCOGEE MOTOR COMPANY.

No. 11625. MARCH 10, 1937.

*Raymond W. Martin,* for plaintiffs in error.
*Paul Blanchard* and *J. R. Terrell Jr.,* contra.

ATKINSON, Justice. The Muscogee Motor Company delivered certain personalty to D. L. Brown under a contract of sale with part of the purchase-money paid, and reservation of title in the vendor as security for the balance. The vendor instituted attachment proceedings, in which it was sought to recover the balance due, and also to reform the contract. In the petition as amended

there were allegations attacking a junior mortgage executed by Brown to J. H. Hester and a transfer of the mortgage by J. H. Hester to his wife, and prayers that the plaintiff's contract be declared a first lien on the property. Hester and his wife filed an answer, and prayed that the junior mortgage be declared first lien on the property, and that Mrs. Hester as transferee be awarded the fund derived from sale of the property under order that had been granted by the court. A verdict was directed in favor of the transferee. That judgment was reversed, because evidence was introduced that would have authorized the jury to find that the transferee was not an innocent purchaser for value. *Muscogee Molor Co.* v. *Brown*, 181 *Ga.* 797 (184 S. E. 317). On a subsequent trial the case was submitted to the jury. A verdict was returned in favor of the plaintiff. The defendant and the transferee filed a motion for a new trial, which was overruled, and they excepted.

■ "A ground of a motion for a new trial, complaining of the admission in evidence, over stated objections of the movants, of certain documents which are neither set out literally or in substance in the motion nor attached thereto as exhibits properly identified, but are merely referred to in the motion in general terms as being 'fully set out in the brief of evidence accompanying this motion,' presents no question for adjudication." *Ford* v. *Blackshear Manufacturing Co.,* 140 *Ga.* 670 (2) (79 S. E. 576); *Shaw* v. *Jones,* 133 *Ga.* 446 (9) (66. S. E. 240); *Rainey* v. *Whatley,* 169 *Ga.* 172 (150 S. E. 95), and cit. The first special ground of the motion for a new trial in the instant case, complaining of the admission of documentary evidence over stated objections, is insufficient to present any question for consideration.

■ The second special ground complains of the admission, over stated objections, of testimony of a named witness as to a declaration of Brown out of the presence of the Hesters. When considered in connection with other evidence as to the circumstances of the several transactions and the relation between Brown and the Hesters, there was no error in admitting the evidence.

■ The charge of the court to the jury, as complained of in the motion for new trial, stated correct principles of law concretely applied to the pleadings and evidence, and were not erroneous, as contended, on the grounds · of being incorrect, confusing, misleading, and not applicable to the case.

. ■ The grounds complaining of the omission, without request, to give in charge certain sections of the Code, in so far as applicable to the pleadings and the evidence, were sufficiently covered by the charge as given. If it had been desired to have the court give in charge the exact language of so much of the Code sections as were applicable to the pleadings and the evidence, there should have been appropriate requests for such instructions.

■ The evidence was sufficient to support the verdict, and there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concur.*